|  |  |
|---|---|
| 1 | |
| 2 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES DELANEY,

          Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

          Defendant.

CASE NO.   C07-5485JKA

ORDER TO REMAND THE MATTER TO THE ADMINISTRATION FOR FURTHER REVIEW

     This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) on the consent of the parties. Pursuant to 42 U.S.C. § 405(g), the matter is before the court on plaintiff's complaint which seeks judicial review of an administrative decision.

     Plaintiff alleges his applications for social security benefits were erroneously denied by the ALJ. Specifically, Mr. Mace argues the Administrative Law Judge's ("ALJ") assessment of plaintiff's severe impairment(s) is not supported by the substantial evidence of records and is contrary to law.

     After reviewing the record, the Court finds and orders as follows:

     1. This Court must uphold the Secretary's determination that plaintiff is not disabled if the Secretary applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It

ORDER
Page - 1

is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

2. Step-two of the evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities,"  20 C.F.R. §§ 404.1520(c),  404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching,  carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28"). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that  has "no more than a minimal effect on an individuals ability to work." *See* SSR  85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988)(adopting SSR 85-28). The Ninth Circuit describes the step- two inquiry as "a de-minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (*citing* Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987)).

Here, Mr. Delaney alleged disability since August 1, 2005, due to HIV infection, depression, bipolar disorder, ulnar nerve damage, neck and back pain, numbness in his legs and a hernia. At step-two the ALJ concluded Plaintiff suffered severe impairments caused by cannabis dependency, amphetamine abuse, alcohol abuse, depressive disorder, anxiety disorder, and right ulnar mononeuropathy. The ALJ did not find any severe impairment caused by HIV infection or back and neck pain. (Tr. 15-19).

After reviewing the record the Court finds the ALJ erred in his consideration of the evidence at step-two, particularly in regard to plaintiff's neck and back pain. The record includes medical reports and opinions supporting Mr. Delaney's allegations of neck and pack pain. Dr. Whipple diagnosed low back pain in October 2006 (Tr. 209), and on November 20, 2006, after reviewing imaging studies, Dr. Whipple prescribed 800mg of Ibuprofen three times a day for associated back pain (Tr. 208). The radiologist

found "Multi-level degenerative disc disease most pronounced at L2-3 where it results in borderline mild spinal stenosis and lateral recess stenosis" (Tr. 260).   Dr. Miller examined Plaintiff in January 2007 for complaints of numbness involving the arms, legs, neck and low back.  Another MRI was produced, which confirmed multi-level degenerative changes with mild lateral foraminal stenosis.  Dr. Miller opined that the lumbar disease may be playing a role in Plaintiff's numbness  (Tr. 237).

The ALJ discredited each of the above opinions, based primarily on the fact that the ALJ did not believe plaintiff's allegations and limitations supporting total disability and the medical opinions relied on these subjective complaints or reports.  The court recognizes that it is within the ALJ's realm of expertise and authority to weigh the credibility of a claimant, but in this instance the ALJ strains the role of an adjudicator when he discredits these medical reports and conclusions to find at step-two that Mr. Delaney does not suffer a severe impairment caused by a degenerative disc disease.  The ALJ's analysis at step-two goes beyond the Ninth Circuit's de-minimis standard for screening out the frivolous or groundless claims at step-two

The court finds  the claimant has satisfied the burden of producing evidence supporting he has more than a slight abnormality that has no more than a minimal effect on his ability to work.  It is clear that adequate medical opinion supports a severe impairment at step-two as alleged by plaintiff, and the matter should be remanded for further consideration of the medical evidence.

3. The ALJ's step-two error infects the remaining three steps in the five-step evaluation process.  Accordingly, the undersigned also finds error in the ALJ's step-three, step-four, and step-five findings which erroneously exclude any limitations based on back pain.

4. Accordingly, the matter is remanded to the administration for further consideration.  On remand the matter should be assigned to a different ALJ and the matter should be reconsidered in its entirety.

5. The clerk is directed to send copies of this Order to counsel of record.

DATED this 28th day of March, 2008.

            */s/ J. Kelley Arnold*
            J. Kelley Arnold
            U.S. Magistrate Judge